## Wheelock *versus* Leonard.

1. A negotiable note, drawn by a citizen of Massachusetts after the passage of a Bankrupt Act of that state, was payable to the order of a citizen of New York, and before the application of the maker for discharge as a bankrupt had been endorsed by the payee, without recourse, to one who was a citizen of Massachusetts at the time of the application of the maker for a discharge and of his discharge as a bankrupt under the Massachusetts Act: in a suit by the endorsee against the maker, it was *held* that the maker was discharged from liability to the endorsee.

2. What would have been the result if the payee were bound to the holder, not decided.

ERROR to the Common Pleas of *Wayne county*.

This was an amicable action in debt, entered November 16, 1849, by Warren Leonard *v.* C. W. Wheelock. The pleas were *nil debet*, payment, set-off, with leave to give the special matter in evidence; and also, specially, a discharge under the bankrupt law of Massachusetts and New York.

May 3, 1852, the cause came up for trial, when a verdict was found for the plaintiff for $602.75, under the circumstances stated in the charge of the Court.

It was stated that the following facts were admitted on the trial:

The action was founded on a promissory note, of which the following is a copy:—

"Farmingham, 31st May, 1843.

"Six months after date, for value received, I promise to pay to the order of G. W. Peck, four hundred dollars and seventy-five cents, payable in Buffalo.

"$400.75.                               Signed,    C. W. WHEELOCK.

"Without recourse,    G. W. PECK."

C. W. Wheelock, the drawer, at the date of the note, was a resident and citizen of *Massachusetts*. The said Warren Leonard then was, and still is, a resident of the same state; and that the said G. W. Peck, the payee of the note, was at the date of the note, and is at this time, a resident of the state of *New York;* that the said note was made in Massachusetts, and made payable in the state of New York.

The declaration in the case states the note to have been transferred by Peck to Leonard, on the 30th December, 1843.

The defendant further gave in evidence the bankrupt law of Massachusetts, passed 23d April, 1838.

Also, a record showing that the defendant presented his petition to a Court of Massachusetts, on the 13th March, 1844, for the benefit of the bankrupt law, and was discharged on the 6th April. 1844.

[Wheelock v Leonard.

The *New York* bankrupt law, passed 10th December, 1828.

The defendant's application for the benefit of the bankrupt law was made to the Court in that state, August 8, 1848, and his discharge took place on 4th December, 1848.

Under this state of facts, the Court directed the jury to find a special verdict fixing the amount due on the note, if, in the opinion of the Court, the plaintiff in point of law was entitled to recover : and the jury returned a verdict in favor of the plaintiff for $602.75.

After argument, ELDRED, J., being of opinion that the plaintiff was entitled to recover, entered judgment on the verdict in favor of the plaintiff for the amount found by the jury.

The defendant excepted to the charge, and to the entry of judgment on the verdict; and the latter was assigned for error.

*W. H. Dimmick*, for plaintiff in error.—The several states of the United States have a right to pass bankrupt laws, notwithstanding the power granted to the general government by the constitution to establish a uniform system of bankruptcy : 1 *Paine's C. C. R.* 97.

The facts show that the note was made and delivered in Massachusetts, May 31st, 1843, to one Peck, a citizen of New York. On the 30th December, 1843, the note was transferred to Leonard, the plaintiff in this case, who was, and still is, a resident of *Massachusetts.*

On the 6th April, 1844, the defendant was discharged by the Bankrupt Court of Massachusetts. At this time it appears that the plaintiff had and held the note, and both plaintiff and defendant were residents of that state.

It was submitted whether the plaintiff was not bound by the discharge in bankruptcy by a competent Court of his own state? It was said that the case of Ogden v. Saunders, 12 *Wheat.* 213, established the principle that all the creditors *resident within the state* are bound by a decree or discharge in bankruptcy, made by a competent Court of the same state. Peck, at the date of the note, was a resident of New York, and is precluded from sustaining an action by reason of the discharge in bankruptcy by the *New York Court* on the 4th December, 1848. The discharges were regularly obtained according to the laws of the respective states, and purport to discharge the defendant from all his debts and obligations contracted subsequent to the passage of the respective bankrupt laws.

*Crane*, for defendant in error.—Wheelock, the drawer, a citizen of Massachusetts, on 30th May, 1843, gave his note to Peck, a citizen of the state of New York, payable six months from date at Buffalo, New York. Wheelock was discharged as a bankrupt in

[Wheelock *v.* Leonard.]

Massachusetts, under a law of that state, on 6th April, 1844; and afterwards, viz., in December, 1848, he was discharged in *New York*, under a law of that state.   It was contended that the note and parties to it were such that a discharge in neither of the two states relieved the drawer from liability on the note.   It was said no state had the power to effect such a discharge with respect to *its own citizens*, as to contracts existing *anterior* to the passage of the Act; and as against citizens *of another state*, the Act was invalid.   That Peck, the payee, being a citizen of *New York*, would not be affected by the discharge *in Massachusetts* under the Act of that state; and as the note was made in Massachusetts, between a citizen of that state and *of another state* (N. Y.), the discharge *in New York* under the Act of that state could not affect the payee : 12 *Wheaton* 213, Ogden *v.* Sanders; 5 *Mass.* 509, Baker *v.* Wheaton.   It was said that the only allegation of the note having been transferred to Peck *at the time of the discharge in Massachusetts*, was taken from the plaintiff's declaration, in which the transfer was alleged to have been made on 30th December, 1843, which it was said was not conclusive evidence of the time, it being not a material part of the plaintiff's case.   It was further said that it was not contended that the note had been proven under the assignment in bankruptcy.

The words of the discharge in Massachusetts were from all debts proved or provable and which are founded on any *contract made by the debtor within this Commonwealth, or to be performed within the same, and made since the passage of the Act*; and from all debts provable as aforesaid and which are founded on any contract made by him since the passing of said Act, and due to any persons who were resident within this Commonwealth on the 14th of March last, 1844.

Under the New York Act, the discharge of the bankrupt was from all his debts and from "imprisonment."   It was said that each of these attempts to discharge was an assumption to exercise a power which had been denied to the states by the decision in the case of Ogden *v.* Sanders, and the authorities therein cited.

The opinion of the Court was delivered, April 4, by

LOWRIE, J.—Every man owes allegiance to the law of the place where he lives; and this law, in part, defines his relations to other citizens.   If there be added thereto a contract relation, even in that he is subject to the same allegiance, saving only that, under the constitution of the United States, the latter relation cannot be impaired by subsequent law.

Now this present contract was made in Massachusetts, after the passage of the bankrupt law there, and was the bond of a relation between the plaintiff and defendant, both citizens of Massachusetts, when the defendant applied for the benefit of the bankrupt law of that state, and was discharged.   Both were therefore under

[Wheelock v. Leonard.]

allegiance to the same laws, and by them their general relations to each other and this contract relation were governed. How can it be otherwise, then, than that this contract was dissolved by the bankrupt discharge? It would be a slight on the sovereignty of a sister state for us to enforce a contract between her citizens which she has dissolved in due course of law. It is said that the payee was a citizen of New York; but the suit is between the endorser and the maker, and we do not inquire what would have been the result if the payee were bound to the holder: for the fact does not appear. The judgment ought to have been for the defendant below.

Judgment reversed, and judgment for the defendant below on the case stated.